UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-21935

LAZARO D. ECHEVARRIA,

    Plaintiff,

vs.

EXXEL MEDICAL TRANSPORTATION INC. and
SONIA HERNANDEZ,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Lazaro D. Echevarria, sues Defendants, Exxel Medical Transportation, Inc. and Sonia Hernandez, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Lazaro D. Echevarria**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Exxel Medical Transportation, Inc. ("Exxel"),** is a *sui juris* Florida for-profit corporation that conducted its for profit para-medical transit business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

6. **Defendant, Sonia Hernandez,** was at all times material an owner/officer/director of Exxel, for the time period relevant to this lawsuit. She ran Exxel's day-to-day operations, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants have been at all times material engaged in interstate commerce in the course of their transportation of patients to and from locations within South Florida for medical

and healthcare-related appointments which, traditionally, cannot be performed without using computers, monitors, computer networking equipment, phones, fuel, tires, vehicles, goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 and/or in excess of $125,000.00 for each fiscal quarter during the relevant time period.

17. During this time, Plaintiffs regularly and routinely utilized vehicles, cellular telephones, fuel, and other goods and supplies that moved through interstate commerce.

18. Plaintiff also would regularly and routinely used Defendants' business credit card (American Express) provided to him in order to pay for the gasoline used to fill Defendants' vehicle.

19. Plaintiff worked for Defendants from about December 26, 2019 to the present. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Defendants agreed to pay Plaintiff at a rate of $10.00/hour for each hour worked.

21. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

22. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek by improperly deducting overtime hours he worked from his compensable time / paychecks.

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying Plaintiff for up to 40 hours each week without paying him overtime wages for all of the overtime hours he worked.

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

25. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Lazaro D. Echevarria, demands the entry of a judgment in his favor and against Defendants, Exxel Medical Transportation, Inc. and Sonia Hernandez, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Lazaro D. Echevarria, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of May 2020,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 North Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> *Counsel for Plaintiff*

5